UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN D. HUGHES,

       Petitioner,                        Case No. 2:13-cv-299

v.                                          Honorable Gordon J. Quist

ROBERT NAPELS,

       Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner Marvin D. Hughes filed this petition for writ of habeas corpus challenging a September 6, 2013, denial of parole by the Michigan Parole Board. Petitioner is presently incarcerated at Marquette Branch Prison and is serving a 20 to 60 year sentence as a result of two armed robbery convictions, as well as a two year sentence for felony firearm. *See* MDOC Offender Tracking System: http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=182524.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the undersigned recommends that petitioner's application for habeas corpus be denied.

Petitioner claims that the Parole Board does not have jurisdiction to deny him parole because it cannot decide on the constitutionality of the parole statute. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). However, under statutory and rule amendments by the Michigan Legislature and Michigan Supreme Court, respectively, a prisoner no longer has an ability to appeal a parole denial under state law. The former version of MCL 791.234(8) provided that the grant or denial of parole by the Michigan Parole Board could be appealed to the circuit court by the prisoner, prosecutor or victim. *See* MCL 791.234(8) (West. 1999). The new version eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release on parole may be appealed by the prosecutor or the victim. *See* MCL 791.234(9) (as amended by 1999 Mich. Pub. Acts 191). The legislation was approved on November 24, 1999. Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* MCR 7.104(D)(1), (2)(a). Consequently, because state law prohibits a prisoner from appealing a parole denial, petitioner has no available state court remedy in which to exhaust his claims.

As noted above, petitioner is claiming that the actions of the Parole Board violated his right to procedural due process. However, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979); *see also Board of Pardons v. Allen*, 482 U.S. 369, 373, 107 S. Ct. 2415, 2418 (1987) (the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release). An inmate's interest in the mere possibility of parole is not protected by due process. *Greenholtz*, 442 U.S. at 10-11; *Wagner v.*

*Gilligan*, 609 F.2d 866, 867 (1979). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

Where a state's parole statute is purely discretionary and does not mandate a presumption of release, there is no protected statutory entitlement to parole on which a due process claim could be grounded. *Greenholtz*, 442 U.S. at 9-11; *Wagner*, 609 F.2d at 867. The Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1158 (1995). In unpublished decisions, the Sixth Circuit also has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995), *cert. denied*, 522 U.S. 1057 (1998); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Further, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, petitioner has no liberty interest at stake. Because petitioner has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

Moreover, Petitioner's double jeopardy claim is meritless. Petitioner states that in January of 1986, he pleaded guilty to two counts of armed robbery and one count of felony firearm. Petitioner was then sentenced to 20 to 60 years imprisonment for the armed robbery convictions and two years for the felony firearm conviction, to be served consecutively. Petitioner states that he began to serve his felony firearm sentence on February 4, 1986, so that should have already been served. Petitioner contends that the MDOC improperly merged Petitioner's felony firearm sentence with his armed robbery sentence to arrive at one combined prison term and that this violates the Double Jeopardy Clause.

The Double Jeopardy Clause of the Fifth Amendment provides in relevant part, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Fifth Amendment applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794-95, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could, in common parlance, be described as punishment. The Clause protects only against the imposition of multiple criminal punishments for the same offense, ... and then only when such occurs in successive proceedings. *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 493 (1997).

The undersigned notes that Petitioner is claiming that the "merging" of his sentences somehow resulted in a greater punishment to Petitioner. This assertion is meritless. Petitioner must serve his sentences consecutively. The order in which he serves them is immaterial, so long as he does not serve more time than his maximum sentence of 60 years, plus a two year sentence for felony firearm. Petitioner's double jeopardy claim is properly dismissed.

Plaintiff also claims that the Parole Board retaliated against him for serving his felony firearm sentence by refusing to acknowledge that he finished his felony firearm sentence. Retaliation

based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Because the facts of Petitioner's situation do not meet the test set forth above, his retaliation claim is properly dismissed.

Finally, Petitioner asserts that the manner in which his sentences are being computed constitutes cruel and unusual punishment in violation of the Eighth Amendment. With respect to Petitioner's Eighth Amendment claim, the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will

not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner's assertions regarding the computation of his sentence do not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of this action was debatable or wrong because Petitioner has no constitutional right to parole, so that the denial of such does not satisfy 28 U.S.C. § 2253(c)(2). Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated: November 13, 2013