UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MARVIN D. HUGHES,

        Petitioner,

v.                                          Case No. 2:13-CV-299

ROBERT NAPELS,                        HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

        Petitioner, Marvin Hughes, has filed Objections to Magistrate Judge Timothy P. Greeley's November 13, 2013 Report and Recommendation (R & R), which recommends that Petitioner's habeas petition be denied. In his petition, Petitioner challenged a September 6, 2013 denial of parole. The magistrate judge noted that Petitioner has no procedural due process claim based on the denial of parole because he has no liberty interest in parole under Michigan's parole system.[1] (R & R at 2–3.) The magistrate judge also concluded that Petitioner's claims of double jeopardy, retaliation, and cruel and unusual punishment arising out of the denial of parole all lack merit. (*Id.* at 4–6.)

        Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

        Having reviewed Petitioner's Objections, the Court concludes that the R & R adequately addresses Petitioner's arguments. First, with regard to Petitioner's double jeopardy claim, the

---

[1] Petitioner asserts in his Objections that he did not raise a procedural due process claim in his petition.

magistrate judge concluded that the "merging" of Petitioner's two sentences—to be served consecutively—does not result in multiple punishments for the same offense. (*Id.* at 4.) The Court concurs in this conclusion.  As the magistrate judge observed, because Petitioner is required to serve both sentences, the order in which they are served is immaterial.  Second, as for Petitioner's retaliation claim, the magistrate judge was correct in concluding the Petitioner did not allege facts supporting a First Amendment retaliation claim.  Finally, with regard to Petitioner's claim that the manner in which his sentences are being computed constitutes cruel and unusual punishment, the Court concurs with the magistrate judge's assessment that the computation of Petitioner's sentences does not give rise to an inference of gross disproportionality between the punishment and the crimes for purposes of cruel and unusual punishment under the Eighth Amendment.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.  Therefore, the Court has considered Petitioner's claims, including his Objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 13, 2013 (dkt. # 2) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (dkt. # 3) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

This case is **concluded**.


Dated: December 6, 2013                                          /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE